WIGGINS, Justice
(specially concurring).
I join the majority opinion and write separately to emphasize the issue of prose-cutorial discretion.
Martha Aracely Martinez was born in Mexico. Her parents brought her to Mus-catine, Iowa, when she was eleven years old. It was not her choice to come here. Since then, she has lived in Muscatine, attended local schools, and worked in the community. When her parents brought her to the United States, she did not have a lawful immigration status. Because she had no immigration status, she could not lawfully obtain a driver’s license or lawful employment when she became old enough to do so.
When she was seventeen years old, Martinez used fictitious documents to acquire an Iowa driver’s license, which in turn, she used to obtain employment. She was a model citizen, contributing member of the community, and employed for thirteen years. After Deferred Action for Childhood Arrivals (DACA)[2] protection coaxed Martinez from the shadow of deportation to acquire lawful immigration status and work authorization, the Muscatine County Attorney charged her with crimes for previously using the fictitious documents to obtain a license and employment. Importantly, there is nothing in the record to indicate that her use of the fictitious documents caused anyone harm.
As Martinez approached adulthood, she had to figure out a way to survive in a country her parents brought her to as a child. This country is the only country she knew. She chose to support herself and her children by participating in the legal economy. She did not have any other good choices. One bad choice would be to support herself and her family by engaging in illegal activities. Another would be to support herself by participating in the underground economy. If she did get involved in either the illegal or the underground economy, she could have become a victim of human trafficking. See Dina Francesca Haynes, Exploitation Nation: The Thin and Grey Legal Lines Between Trafficked Persons and Abused Migrant Laborers, 23 Notre Dame J.L. Ethics & Pub. Pol’y 1, 44-45 (2009). Yet, another choice would be to return to a country that was never her home.
When DACA became available, Martinez came forward to obtain legal immigration status and proper work authorization. At each step, it seems, Martinez attempted to do right in difficult circumstances created by her parents when she was only a child. According to the record and by all measures, Martinez has been a valuable contributor to her community and our state. At the time the county attorney decided to exercise his discretion to file charges, she had three young children and was pregnant with her fourth child. At the time he filed the charges, the county attorney knew there was a good chance Martinez could be deported, which would force her *761 children, three American citizens, to leave the country or stay here and fend on their own.
The county attorney “is an administrator of justice, an advocate, and an officer of the court.” ABA Standards for Criminal Justice: Prosecution Function and Defense Function 3-1.2(b), at 4 (3d ed. 1993) [hereinafter ABA Standards]. As Judge Wein-stein noted over thirty years ago,
[a]ny ethical and procedural obligation of a private attorney to be fair to opponents and candid with the court is enforceable when the litigant is represented by an attorney for the government. As a United States Attorney General put it more than a hundred years ago, “in the performance of ... his duty ... he is not a counsel giving advice to the government as his client, but a public officer, acting judicially, under all the solemn responsibilities of conscience and legal obligations.”
Zimmerman v. Schweiker, 575 F.Supp. 1436, 1440 (E.D.N.Y. 1983) (quoting Office & Duties of Att’y Gen. 6 Op. Att’y Gen. 326, 334 (1854)).
Further, the county attorney “must exercise sound discretion in the performance of his or her functions.” ABA Standards 3-1.2(b), at 4. As an administrator of justice, the county attorney has significant power, and with it, must use appropriate restraint. The county attorney has a duty to “seek justice, not merely convict.” Id. 3.1.2(c), at 4.
Ultimately, however, Congress vests the United States government with the discretion to prosecute persons in similar situations as Martinez, not the ninety-nine local county attorneys in our state. It is up to the United States government to exercise its discretion appropriately and seek justice.

. Memorandum from Janet Napolitano, Sec’y of U.S. Dep’t of Homeland Sec. to David L, Aguilar, Acting Comm'r, U.S, Customs & Border Prot,; Alejandro Mayorlcas, Dir,, U.S, Citizenship & Immigration Servs.; and John Morton, Dir., U.S. Immigration & Customs Enf’t (June 15, 2012), http://www.dhs.gov/xlibrary/ assets/sl-exercising-prosecutorial-discrelion-individuals-who-came-to-us-as-children.pdf.